IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE PLUMBERS AND )
PIPEFITTERS NATIONAL )
PENSION FUND, *et al.*, )
)
Plaintiffs, )
) Civil Action No. 1:09cv0967 (JCC/JFA)
v. )
)
COATES CONSTRUCTION & )
ENGINEERING, INC., )
)
Defendant. )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 8). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and the Trustees of the International Training Fund ("International Training Fund"). Each plaintiff seeks a default judgment against the defendant Coates Construction & Engineering, Inc. ("Coates"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On August 26, 2009, the plaintiffs filed this action alleging that Coates breached its Collective Bargaining Agreement with the United Association Local Union No. 140 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs and for injunctive relief. (Docket no. 1). A summons was issued on August 27, 2009, and the summons and complaint were served on Craig C. Coates, the registered agent for Coates, on

September 16, 2009. (Docket no. 4). In accordance with the version of Fed. R. Civ. P. 12(a) in effect at the time the complaint was served, Coates's responsive pleading was due on October 6, 2009; 20 days after being served with the summons and complaint. Coates failed to file a responsive pleading in a timely manner. On January 11, 2010, the plaintiffs filed their request for entry of default. (Docket no. 6). The Clerk entered default against Coates pursuant to Fed. R. Civ. P. 55(a) on January 13, 2010. (Docket no. 7).

On January 15, 2010, the plaintiffs filed a motion for default judgment, setting a hearing for January 29, 2010 at 10:00 a.m. (Docket nos. 8, 9). The motion for default judgment was supported with two affidavits from William T. Sweeney, Jr. and a declaration by John R. Harney. (Docket no. 8). The motion for default judgment and supporting papers were served on Coates by mail on January 15, 2010. (Docket no. 8). On January 29, 2010, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of Coates.

### **Factual Background**

The following facts are established by the complaint (Docket no. 1), the motion for default judgment and the affidavits and declaration attached as exhibits to the motion for default judgment (Docket no. 8). The Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund are trustees of multi-employer employee benefit plans as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1, 2). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 140 and defendant Coates. (Compl. ¶ 1). The International Training Fund is established and maintained by a

2

Restated Trust Agreement and by a Collective Bargaining Agreement between the United Association Local Union No. 140 and defendant Coates. (Compl. ¶ 2). The National Pension Fund and the International Training Fund are administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). Coates is a Utah corporation with offices located in Utah. (Compl. ¶ 3). At all times herein, Coates was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 3).

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Coates is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 140 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Coates. (Compl. ¶ 5). Pursuant to the Collective Bargaining Agreement, Coates agreed to pay the National Pension Fund certain sums of money for each hour worked by employees of Coates covered by the Collective Bargaining Agreement and to pay the International Training Fund certain sums of money for each hour worked by employees of Coates covered by the Collective Bargaining Agreement. (Compl. ¶¶ 6, 7). Plaintiffs claim that Coates employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at Coates's request. (Compl. ¶¶ 8, 9, 20).

**Count I – National Pension Fund**

The National Pension Fund asserts that Coates failed to pay the amounts owed for contributions for the months of January 2006, May 2006, July 2006 through September 2006,

and November 2008 through June 2009. (Compl. ¶ 9). The National Pension Fund alleges that Coates failed to make contributions in the amount of $52,459.58 for the months of January 2006, May 2006 and August 2006 pursuant to an audit of Coates' wage and payroll records and for the months of July 2006, September 2006 and November 2008 through May 2009 pursuant to unfunded reports submitted by Coates. (Compl. ¶ 10). The National Pension Fund also alleges that Coates failed to submit reports indicating the amounts owed for June 2009. (Compl. ¶ 11). Coates is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 6 that when an employer fails to file the properly completed report forms, the National Pension Fund is authorized to project the delinquent amount by calculating the average of the monthly payments made by the employer for the last three (3) months and the average of the monthly payments made by the employer for the last twelve (12) months and use the greater of the two calculated monthly averages. (Compl. ¶¶ 13, 14). Pursuant to this formula, the National Pension Fund alleges that the projected delinquency for the month of June 2009 was $8,908.31. (Compl. ¶ 15). The total amount National Pension Fund claims Coates owes for contributions for the months of January 2006, May 2006, July 2006 through September 2006, and November 2008 through June 2009 is $61,367.89. (Compl. ¶ 16).

The National Pension Fund also alleges that Coates is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date. (Compl. ¶ 17). Furthermore, pursuant to the Restated Trust Agreement, interest is assessed at a rate of 12% per annum from the date the

payment was due through the date of payment to the National Pension Fund. (Docket no. 8; Ex. A ¶ 10).

**Count II – International Training Fund**

The International Training Fund asserts that Coates failed to make contributions in the amount of $2,293.66 for the months of January 2006 and August 2006 pursuant to an audit of Coates' wage and payroll records and for the months of November 2008 through May 2009, pursuant to unfunded reports submitted by Coates. (Compl. ¶ 21). The International Training Fund also alleges that Coates failed to make reports and to make the required contributions to the International Training Fund for the month of June 2009. (Compl. ¶ 22). The International Training Fund alleges that Coates is bound to the Restated Trust Agreement that provides in Article VI, Section 7 that when an employer fails to file the properly completed report forms, the International Training Fund is authorized to project the delinquent amount by calculating the average of the monthly payments made by the employer for the last three (3) months and the average of the monthly payments made by the employer for the last twelve (12) months and use the greater of the two calculated monthly averages. (Compl. ¶¶ 24, 25). Pursuant to this formula, the International Training Fund alleges that the projected delinquency for the month of June 2009 was $356.16. (Compl. ¶ 26). Therefore the International Training Fund claims the total amount owed for delinquent contributions is $2,649.82. (Compl. ¶ 27).

The International Training Fund also alleges that Coates is bound to the Restated Trust Agreement that provides in Article VI, Section 6 that if an employer fails to file a report or make contributions within ten calendar days of the due date, the Trustees have the discretion to add to the amount owed by the employer, liquidated damages in the amount of 20% of the amount due for each monthly report or payment past due. (Compl. ¶ 28). Pursuant to the Restated Trust

5

Agreement, interest is assessed at a rate of 12% per annum from the due date through the date of payment to the International Training Fund. (Docket no. 8, Ex. B ¶ 11).

Plaintiffs assert that pursuant to 29 U.S.C. § 1132(g)(2) they are entitled to a judgment awarding: (1) the full amount of unpaid contributions; (2) liquidated damages; (3) interest; and (4) reasonable attorney's fees and costs incurred in this action.[1]

Plaintiffs state that they are owed the amounts as detailed below. After the filing of the complaint, Coates submitted an unfunded remittance report for the month of June 2009. (Docket no. 8, Ex. A ¶ 15, Ex. B ¶ 15). Based on the report, the actual amount due for June 2009 is less than the amount projected in the complaint and therefore the amount requested in the motion for default judgment is less than that amount claimed in the complaint.

| *Plaintiff* | *Delinquent Contributions* | *Liquidated Damages* | *Interest through 1/29/2010* |
|---|---|---|---|
| National Pension Fund | $55,002.08 | $5,500.21 | $7,915.08 |
| International Training Fund | $2,423.75 | $484.75 | $275.34 |

| *Attorney's Fees* | *Costs* |
|---|---|
| $1,100.00 | $601.29 |

**Proposed Findings and Recommendations**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to

---

[1] In Count III, plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring Coates to submit timely contributions and remittance reports to each plaintiff. Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment.

plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

### Jurisdiction and Venue

Plaintiffs allege that this Court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a

7

defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Each plaintiff states that it is administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). On September 16, 2009 the summons and complaint were served on Craig Coates, the registered agent for Coates. (Docket no. 4). The registered agent was served at Coates's place of business in 461 W. 800 N., Salt Lake City, Utah. (Docket nos. 1, 4). Venue is proper in this court and this court has personal jurisdiction over Coates since each plaintiff is administered within the Alexandria Division of the Eastern District of Virginia and the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over Coates and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served in person on the registered agent for defendant Coates on September 16, 2009. (Docket no. 4). Under the version of Fed. R. Civ. P. 12(a) in effect at the time the complaint was served, a responsive pleading was due on October 6, 2009. After Coates failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on January 11, 2010. (Docket no. 6). The Clerk of the Court entered a default on January 13, 2010. (Docket no. 7).

The undersigned magistrate judge recommends a finding that Coates was served properly, that it failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to Coates.

## Liability and Measure of Damages

According to Rule 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Coates did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, Coates failed to make contributions for the months of January 2006, May 2006, July 2006 through September 2006, and November 2008 through June 2009 to the National Pension Fund and failed to make contributions to the International Training Fund for the months of January 2006, May 2006, August 2006 and November 2008 through June 2009. ERISA Section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

9

In support of its claim for damages, the National Pension Fund submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 8; Ex. A). The International Training Fund also submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 8; Ex. B). In addition to the affidavits from Mr. Sweeney, the National Pension Fund submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 8; Ex. C).

The information contained in the affidavit of William T. Sweeney, Jr. submitted on behalf of the National Pension Fund establishes that the National Pension Fund is owed contributions in the amount of $55,002.08 for the months of January 2006, May 2006, July 2006 through September 2006, and November 2008 through June 2009; liquidated damages in the amount of $5,500.21 (calculated at 10% of the contributions found to be due); and interest at the rate of 12% from the date the payments were due through January 29, 2010 totaling $7,915.08.[2] In addition, the declaration of John R. Harney details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the attorney's fees requested is $1,100.00 for 8.00 hours of attorney and paralegal time and the amount of costs is $601.29 for the filing fee, process server fee and computerized research. The undersigned magistrate judge has reviewed the declaration of John R. Harney and the supporting documentation and recommends that the court find that the amounts requested for attorney's and costs by the National Pension Fund are reasonable and should be paid by the defendant Coates.

---

[2] The Sweeney affidavit calculates the amount of interest from the date the payments were due through January 29, 2010. The National Pension Fund is entitled to interest at a rate of 12% until the amounts are paid.

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against Coates on Count I in the complaint in the amounts shown below, with interest accruing at the rate of 12% from January 29, 2010 until paid.

| Delinquent Contributions | $55,002.08 |
| --- | --- |
| Liquidated Damages | $5,500.21 |
| Accrued Interest (1/29/2010) | $7,915.08 |
| Attorney's Fees | $1,100.00 |
| Costs | $601.29 |
| *Total* | **$70,118.66** |

The information contained in the affidavit of William T. Sweeney, Jr. submitted on behalf of the International Training Fund establishes that the International Training Fund is owed contributions for January 2006, May 2006, August 2006, September 2006 and November 2008 through June 2009 totaling $2,423.75 and liquidated damages in the amount of $484.75 (calculated at 20% of the contributions found to be due). The International Pension Fund is also entitled to an award of interest on the unpaid contributions at the rate of 12% from the date the payments were due through January 29, 2010 totaling $275.34[3]. For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the International Training Fund against Coates on Count II in the complaint in the

---

[3] The Sweeney affidavit calculates the amount of interest from the date the payment was due through January 29, 2010, as being $275.34. The International Training Fund is entitled to interest at a rate of 12% until the amounts are paid.

amounts shown below, with interest accruing at the rate of 12% from January 29, 2010 until paid.

| Delinquent Contributions | $2,423.75 |
|---|---|
| Liquidated Damages | $484.75 |
| Accrued Interest (1/29/2010) | $275.34 |
| *Total* | $3,183.84 |

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to the defendant Coates Construction & Engineering, Inc. at its address for service of process, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

The Clerk is hereby directed to mail a copy of this pleading to Coates Construction & Engineering, Inc., 461 West 800 North, Salt Lake City, Utah 84103.

ENTERED this 1st day of February, 2010.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia